083050.0347(207)　　　　　　　　RMC:lab　　　　　　　　　　No. 397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ACTION CAULKING & SEALANTS, INC., an Illinois corporation, COLFAX CORP., an Illinois corporation, ORLANDO D. VARNER and KENNETH ROSS, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Auto Property & Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Action Caulking & Sealants, Inc., an Illinois corporation, Colfax Corp., an Illinois corporation, Orlando D. Varner, and Kenneth Ross, alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District and the transaction or occurrence forming the basis of this action occurred in this District.

## THE PARTIES

3. State Auto Property & Casualty Insurance Company ("State Auto") is incorporated in the State of Iowa, maintains its principal place of business in Columbus, Ohio, and is licensed to and which does transact insurance business in the State of Illinois.

4. Action Caulking & Sealants, Inc. ("Action Caulking") is an Illinois corporation with its principal place of business in or near Willowbrook, Illinois, and is the named insured on a policy of insurance issued by State Auto.

5. Colfax Corp. ("Colfax") is an Illinois corporation with its principal place of business in or near Chicago, Illinois and which is a nominal but necessary party to this declaratory judgment action to the extent that it is interested and which has been joined herein solely to be bound by the judgment entered in this cause although no specific relief is sought against it. In the event that Colfax stipulates and agrees to be bound by the judgment entered in this cause, then State Auto will seek to voluntarily dismiss Colfax from this action.

6. Orlando D. Varner ("Varner") is a resident and citizen of the State of Illinois and is a nominal but necessary party to this declaratory judgment action to the extent that he is interested and who has been joined herein solely to be bound by the judgment entered

in this cause although no specific relief is sought against him. In the event that Varner stipulates and agrees to be bound by the judgment entered in this cause, then State Auto will seek to voluntarily dismiss Varner from this action.

7. Kenneth Ross ("Ross") is the plaintiff in an action pending against Colfax and Varner, who is a nominal but necessary party to this declaratory judgment action to the extent that he is interested and who has been joined herein solely to be bound by the judgment rendered in this cause although no specific relief is sought against him. In the event that Ross stipulates and agrees to be bound by the judgment entered in this cause, then State Auto will seek to voluntarily dismiss him from this action. Ross is a resident and citizen of the State of Illinois.

### THE INSURANCE POLICY

8. State Auto issued its policy of insurance numbered BAP2396238 05 to Action Caulking as named insured for the effective policy period of January 29, 2019 to January 29, 2020. A certified true and correct copy of the State Auto Business Auto policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE FACTS

9. Ross filed a complaint against Colfax and Varner for damages for personal injuries allegedly sustained on October 9, 2019 under Cause No. 2020 L 2416 in the Circuit Court of Cook County, Illinois, County Department, Law Division. A true and correct copy of the complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

10. In his complaint Ross alleges that he was injured while working in the course and scope of his employment with Action Caulking at a jobsite at or near 730 North Milwaukee Avenue in Chicago, Illinois, when the boom lift truck he was operating was struck by a vehicle owned by Colfax and operated by Colfax's employee, Varner.

11. In the action brought by Ross against Colfax and Varner, Colfax and Varner filed a Third Party Complaint against Action Caulking alleging, among other things, that Action Caulking was negligent as Ross' employer and that Colfax and Varner were entitled to contribution from Action Caulking to the extent that Action Caulking's negligence proximately caused Ross' claimed damages under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.* A true and correct copy of Colfax's and Varner's Third Party Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

12. The State Auto policy provides in its Insuring Agreement, in part, as follows:

**SECTION II – LIABILITY COVERAGE**

    **A.**   **Coverage**

        We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

        We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

13. The State Auto policy provides in its Exclusions, in part, as follows in connection with Exclusion No. 4:

> This insurance does not apply to:
>
> \* \* \* \* \*
>
> **4.     Employee Indemnification And Employer's Liability**
>
> "Bodily injury" to:
>
> **a.**     An "employee" of the "insured" arising out of and in the course of:
>
> > **(1)**     Employment by the "insured"; or
> >
> > **(2)**     Performing the duties related to the conduct of the "insured's" business; or
>
> **b.**     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.
>
> This exclusion applies:
>
> > **(1)**     Whether the "insured" may be liable as an employer or in any other capacity; and
> >
> > **(2)**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an

5

"insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

14. Action Caulking tendered its defense for the Third Party Complaint for contribution to State Auto, and State Auto rejected that tender for the reasons stated herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ACTION CAULKING)

15. State Auto adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same were fully set forth herein.

16. State Auto contends that its policy excludes coverage for claims of bodily injury to an employee of Action Caulking, and that the contribution claims of Colfax and Varner as alleged in their Third Party Complaint are in the nature of a claim for bodily injury to an employee of Action Caulking. At the time of the accident, Ross, an employee of Action Caulking was acting within the scope of his employment for Action Caulking, as he alleged and as alleged by Colfax and Varner.

17. The above contentions of State Auto are, on information and belief, denied by the Defendants who, in turn, contend that State Auto provides coverage for Action Caulking for the October 9, 2019 accident involving Ross. State Auto, in turn, denies the contrary contentions of the Defendants and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power

to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, State Auto Property & Casualty Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That State Auto Property & Casualty Insurance Company is not liable under its policy of insurance numbered BAP2396238 05 to defend Action Caulking & Sealants, Inc. for the Third Party Complaint filed by Colfax Corp. and Orlando D. Varner in Cause No. 2020 L 2416 pending in the Circuit Court of Cook County, Illinois, County Department, Law Division.

B. That the Court grant State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

PRETZEL & STOUFFER, CHARTERED


BY: */s/ Robert Marc Chemers*_____
        Robert Marc Chemers

Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
(312) 578-7548
rchemers@pretzel-stouffer.com
*Attorneys for Plaintiff State Auto*
*Property & Casualty Insurance Company*